CASE 10—PETITION EQUITY—DECEMBER 14.

# Williams vs. Woodruff, &c.

### APPEAL FROM HENDERSON CIRCUIT COURT.

Where the commissioner fails to advertise the sale of land as directed by the judgment, and the land is sold for less than its value, the sale should not be confirmed.

H. F. TURNER for appellant.

J. BARRET, for appellees, cited *Civ. Code*, *secs*. 577, 579; 2 *Marsh.*, 374; 13 *B. M.*, 332; 16 *B. M.*, 334–580; *Civ. Code*, *sec.* 405; *Rev. Stat.*, *ch.* 36, *art.* 13, *sec.* 2.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

In a proceeding in equity by Woodruff, Powell, and Beverly against Williams, to enforce a lien on a tract of land in Henderson county, for the price for which they had sold it to him, the circuit court decreed the sale, appointed Y. E. Allison commissioner to sell, and directed him to proceed as prescribed by law in sales of land under execution. And, in sales of land under execution, the law requires an advertisement to be " set up at the court-house door, and three other public places in the vicinity of the land." The commissioner reported, that " after advertising" for the time and " in the manner" required by the decree, " he had sold the land for $1,500 to Woodruff, who was the highest bidder."

Williams opposed the confirmation of the report and moved a quashal of the sale. He filed affidavits conducing to prove that the land was worth at least $2,000, and that no notice of

the sale had been " set up in the vicinity of the land," or nearer than seven (7) miles of it, although *Spottsville.* a public place, was only about a mile from it, and Allison himself testified that he had set up only three notices, two in the city of *Henderson*, and one about five miles from it, and seven miles from the land ; but that he had handed to Thos. R. Long two other notices to be set up at *Zion* and *Spottsville*, and had supposed he had done it; but Long testified that he had never seen any such notices. And thus, it clearly appears that only two notices, instead of three, as required, in addition to that " set up at the court-house door," were ever, in fact, " set up," and that no notice was " set up " " in the vicinity of the land." And it is altogether probable that this omission was the cause of the sale for so much less than the value of the land.

The report of the commissioner, as the mere agent of the court appointed by it to sell the land, is not so conclusive as the return of a sheriff on his official oath and responsibility. But, however this might be considered, the commissioner himself, in this case, shows by his affidavit that *he* did not advertise the sale as required, and other testimony shows that the law was not complied with in that respect.

The conclusion seems to this court inevitable that the circuit judge erred in overruling the motion to set aside the sale, and in confirming the report of it.

Wherefore, the judgment is reversed, and the cause remanded, with instructions to sustain the exceptions to the report, and to quash the sale of the land.